**In re: Conditional Admission of Applicant No. 40102, Joseph Ray KENDALL.**

**No. 94S00–0607–BL–263.**

Supreme Court of Indiana.

Nov. 9, 2006.

*ORDER REVOKING CONDITIONAL LICENSE TO PRACTICE LAW*

Joseph Ray Kendall ("Respondent") was admitted to the Indiana bar on October 18, 2005. His admission was made conditional to compliance with certain provisions established by the Board of Law Examiners ("the Board"). Admission and Discipline Rule 12 § 6(c) authorizes the Board to permit a conditional admission, in lieu of denying admission to the bar outright, where the Board has special concerns about the applicant's moral character and fitness. As part of that conditional admission, Respondent signed a Consent Agreement setting out the conditions for admission. The Consent Agreement provided that any violation of the conditions of admission may result in further proceedings pursuant to Admission and Discipline Rule 12 § 10 to determine whether the Board should recommend revocation of his conditional admission.

Because of Respondent's failure to abide by the terms of his conditional admission, the Board scheduled Respondent to appear before the full Board on July 7, 2006, to show cause why his conditional admission should not be revoked. Respondent did not appear. Accordingly, per Admission and Discipline Rule 12 § 10, the Board filed with this Court a "Notice of Recommendation of Revocation of Conditional Admission" ("Notice"), asking this Court to revoke Respondent's admission and recommended that Respondent not be permitted to submit a new application for two years. The Board also prepared certified findings in accordance with Admission and Discipline Rule 12 §§ 8 and 10, and those findings were attached to the Notice. The Notice and its attachments were also served on Respondent.

After reviewing the Notice, the Court issued an order on August 3, 2006, allowing Respondent thirty days within which to file any response. Respondent failed to file any response.

The Notice and attached certified findings establish that Respondent failed to abide by the terms of his conditional admission. Based on the Notice and certified findings, as well as Respondent's failure to respond thereto, the Court finds that that the license of Joseph Ray Kendall to practice law in Indiana should be, and hereby is, REVOKED, effective immediately. Further, Respondent SHALL NOT SUBMIT a new application for admission to the Bar of Indiana for a period of two years from the date of this order.

Because this order effectively operates as a suspension or disbarment, the Clerk is directed to provide notice of this order in accordance with Admission and Discipline Rule 23 § 3(d) and to provide the Clerk of the U.S. Court of Appeals for the Seventh Circuit, and the clerks of each of the U.S. District Courts and U.S. Bankruptcy Courts of this state with Respondent's personal and business addresses.

In addition, the Clerk is further directed to send a copy of this order to Respondent by certified mail, return receipt requested, to both his personal and business addresses. Copies of the order are also to be sent to Mary Godsey, Executive Director of the State Board of Law Examiners; to the Supreme Court Administrator; to Donald Lundberg, Executive Secretary of the Supreme Court Disciplinary Commission; to LexisNexis; and to West Group for publi-

cation in the bound volumes of this Court's decisions.

All justices concur.